[No. 3556.]

## Lid Smith v. The State.

Election Law — Construction of a Statute — Indictment. — While, in construing statutes, it is the duty of courts to impute intent to the law-making power, and to seek for that intent in every legitimate way, yet it is to be sought first of all in the words and language employed, and if these be free from ambiguity, and express clearly the sense of the framers, there is no occasion and no authority to resort to other means of interpretation, unless the interpretation thus resulting from the ordinary import of the words be repugnant to sound acknowledged principles of national or State policy. Article 178 of the Penal Code, defining the offense of selling or giving away intoxicating liquors on election day, is absolutely free of ambiguity, and provides that, in order to constitute the offense, the liquor must be sold or given away in the voting-precinct, village, town or city in which the accused is a voter. An indictment must so allege in order to be sufficient to charge the offense. See the opinion *in extenso* on the question.

Appeal from the County Court of Milam. Tried below before the Hon. P. O. Ford, County Judge.

The conviction was for giving away intoxicating liquor on election day, and the penalty assessed was a fine of $100.

The facts of the case are not involved in the ruling.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

Willson, Judge. This conviction was had under article 178 of the Penal Code, which is as follows: "If any person in this State shall open or keep open any bar room, saloon, or other place, house or establishment where vinous, malt, spirituous or intoxicating liquors are sold, during any portion of the day on which an election is held in his voting-precinct, village, town or city, for any purpose or office whatsoever; or shall sell, barter or give away any vinous, malt, spirituous or intoxicating liquor during the day on which any such election is held, he shall be fined not less than one hundred nor more than five hundred dollars."

The indictment charges that the defendant gave away intoxicating liquor in justice's precinct No. 1 in Milam county, on a day when a legal election was being held in said justice's precinct. It does not allege that the election was being held in *his*, the defendant's, voting-precinct, village, town or city. Because of a failure to so allege the defendant excepted to the indictment, which exception was overruled.

There is no ambiguity in the language of the statute. It is plain that the offense could only be committed by the defendant in *his* voting-precinct, village, town or city. If he gave away the liquor anywhere else, he did not violate the letter of this law. The words *any such election* clearly refer to an election held in the defendant's voting-precinct, village, town or city. They can refer to nothing else, for no other election is mentioned in the article than one held in his voting-precinct, etc. Manifestly they do not refer alone to the purpose for which the election is held. If we were at liberty to look beyond the plain, unambiguous *words* of the statute, we would be disposed to place a very different construction upon its *intent* than the one we must give to its language. But were we to do this, we would be open to the censure of judicial legislation.

While it is the duty of courts, in construing statutes, to give intent to the law-making power, and to seek for that intent in every legitimate way, yet it is to be sought first of all in the words and language employed, and if these be free from ambiguity, and express clearly the sense of the framers, there is no occasion, and no authority, to resort to other means of interpretation, unless the interpretation thus resulting from the ordinary import of the words be repugnant to sound acknowledged principles of national or State policy. (Story on Const., § 392; *Purdy* v. *The People*, 4 Hill, 397; *McClusky* v. *Cromwell*, 11 N. Y., 601; *Waller* v. *Harris*, 20 Wend., 561; *Jackson* v. *Lewis*, 17 John., 475; *People* v. *R. R. Co.*, 13 N. Y., 38; 1 Kent Com., 468.)

It is only when a statute is ambiguous in its terms that courts may rightfully exercise the power of controlling its language so as to give effect to what they may suppose to have been the intention of the law-makers. (*Wood* v. *Adams*, 35 N. H., 36.) It is not the province of the courts to question the wisdom or policy of restricting the operation of this statute to the residents of the voting-precinct, village, town or city where the election is being held. Our province and duty are to administer the law as we find it. If it be an unwise or unfair law, the law-making power will discover that fact and will apply the proper remedy.

We are of the opinion that the indictment alleges no offense against the law, and the court erred in overruling the exceptions to it. (*Zweifel* v. *The State*, 16 Texas Ct. App., 154.) The judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered June 13, 1885.]